UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KELVIN L. LAMPKINS,            )<br>                                                     )<br>            Plaintiff,         )<br>    v.                                          )        1:06-cv-639-DFH-TAB<br>                                                     )<br>OFFICER ROBERTS, et al.,   )<br>                                                     )<br>            Defendants.     ) | |

**Entry on Motion for Summary Judgment**

Plaintiff Kelvin Lampkins was formerly confined at the Delaware County Jail. He alleges in this civil rights action under 42 U.S.C. § 1983 that he was the victim of excessive force and was denied constitutionally adequate medical care while at that facility. The defendants have moved for summary judgment on the theory that plaintiff failed to exhaust his available administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005), quoting Rule 56(c) of the Federal Rules of Civil Procedure. A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

Defendants argue that Lampkins failed to comply with the exhaustion of administrative remedies requirement of the PLRA, which provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).

Construed in a manner reasonably most favorable to Lampkins as the non-moving party, the evidence here shows that: (1) the Jail had a grievance procedure for inmates at the time Lampkins was confined there; (2) the conditions of which Lampkins complains in this action occurred on April 3, 2006 (the excessive use of force) and on April 4, 2006 (the denial of medical care); (3) Lampkins' claims in this action are based on conditions that are within the scope of the Jail's grievance procedure; (4) the grievance procedure requires that a written grievance be filed within five (5) days of the potentially grievable event; (5) the summary of the grievance procedure actually posted in the Jail does not inform inmates of the five-day deadline; (6) Lampkins submitted a written grievance regarding the events of April 3 and 4, 2006, on April 11, 2006; and (7) Lampkins did not receive a response to that grievance.

The exhaustion requirement is intended to give jail and prison authorities an opportunity to address issues before they become federal lawsuits. See *Porter v. Nussle*, 534 U.S. at 524-25. The undisputed facts show that although Lampkins submitted a

grievance, he did not do so within the prescribed five-day time period. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); see also *Riccardo v. Rausch,* 375 F.3d 521, 524 (7th Cir. 2004) ("Failure to [follow state rules about the time and content of grievances] means failure to use (and thus to exhaust) available remedies."). Relatively short deadlines for filing grievances have been enforced under the PLRA's exhaustion requirement. See *Johnson v. Meadows*, 418 F.3d 1152 (11th Cir. 2005) (enforcing five-day limit).

The question here is whether defendants have shown that the grievance procedure was "available" to plaintiff. The exhaustion requirement serves legitimate purposes, but it is not intended to give authorities the opportunity to create insurmountable obstacles to lawsuits that may be essential to protect constitutional and other legal rights. The Supreme Court in *Woodford* indicated that grievance systems would still need to provide a "meaningful opportunity for prisoners to raise meritorious grievances." 126 S. Ct. at 2392; see also *id.* at 2403-04 (Stevens, J., dissenting) (noting problems such a standard poses). The Court in *Woodford* also noted that it had no occasion in that case to decide how best to address procedural requirements created "for the purpose of tripping up all but the most skillful prisoners." *Id.* at 2392. A *secret* five-day deadline might easily be considered such a requirement created for that purpose. An administrative remedy may become "unavailable," in terms of § 1997e(a), if prison officials prevent a prisoner from complying with its requirements. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (holding that prisoner complied with exhaustion requirement by submitting grievance that was later lost).

The Seventh Circuit's decision in *Conyers v. Abitz*, 416 F.3d 580 (7th Cir. 2005), is instructive here. The plaintiff in *Conyers* was a Muslim who was not permitted to participate in the Muslim Fast of Ramadan. He sued for denial of his right to exercise his religion. Prison officials denied his request to participate in the fast because he had not signed up in time to request the special night-time meals needed for participation. The Seventh Circuit reversed summary judgment for defendants on the free exercise of religion claim. The evidence showed that prison officials had planned for Ramadan by posting a bulletin telling Muslim prisoners they would need to sign up for special meals no later than a specified date before Ramadan began. 416 F.3d at 582. The plaintiff in fact missed the deadline for signing up, but the evidence also showed that he did not know about the posted deadline because he was in disciplinary segregation and could not see it. *Id.* at 582-83. Based on these facts, the Seventh Circuit saw no basis for enforcing the unknown deadline against the plaintiff. *Id.* at 585-86.

This approach in *Conyers* is consistent with *Dole* and other Seventh Circuit decisions under the PLRA recognizing that jail and prison officials can act so as to make an administrative remedy "unavailable." *E.g.*, *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (officials' failure to respond to grievances may render remedy unavailable: "we refuse to interpret the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances'"); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (grievance procedure was unavailable where prison officials refused prisoner's request for required grievance forms).

The PLRA's exhaustion requirement is an affirmative defense as to which defendants bear the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Prison and jail officials may not take unfair advantage of the exhaustion requirement. The defendants' evidence in this case does not show that the defense has been satisfied because there is no evidence that plaintiff was aware, or even that he should have been aware, of the five-day deadline. In fact, defendants' evidence includes Johnson Exhibit A, which contains the more detailed statement of the grievance procedure, including the five-day deadline. Defendants do not assert that this information is made available to inmates. Johnson Exhibit B is the information provided to inmates, and it says nothing about the five-day deadline. Plaintiff raised this objection sufficiently in his short memorandum in opposition to summary judgment.

Accordingly, the defendants have not met their burden of showing that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. The defendants' motion for summary judgment is therefore denied.

So ordered.

_____
DAVID F. HAMILTON, Judge
United States District Court

Date:    3/27/07

-6-

Distribution:

Kelvin L. Lampkins
Blackford County Security Center
0064 North 500 East
Hartford City, IN 47348

Ronald J. Semler
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com