UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KELVIN L. LAMPKINS,                    )<br>                                                      )<br>               Plaintiff,                       )<br>     v.                                            )      1:06-cv-639-DFH-TAB<br>                                                      )<br>OFFICER ROBERTS, et al.,            )<br>                                                      )<br>               Defendants.                 ) | |

**Entry Granting in Part and Denying In Part
Defendants' Motion for Summary Judgment**

For the reasons explained in this Entry, the defendants' motion for summary judgment must be **granted in part and denied in part**.

**I. Background**

Plaintiff Kelvin L. Lampkins' ("Lampkins") complaint alleges state law claims of assault, battery and negligence and that his constitutional rights were violated by the defendants' use of excessive force and denial of medical care while he was incarcerated in the Delaware County Jail.

The defendant officers move for summary judgment alleging that Lampkins' claims are insufficient because: (1) the force applied to Lampkins was minimal and necessary to protect institutional security; (2) there is no allegation that the officers were even remotely involved in denying Lampkins medical care; (3) the officers are entitled to qualified immunity; and (4) Lampkins' state law claims are insufficient due to Lampkins' failure to file an administrative claim alleging such tort violations.

"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a mater of law.'" *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the *Federal Rules of Civil Procedure*). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

**II. Use of Excessive Force**

Lampkins' excessive force allegations are supported by the testimony of Charles Bruce, Lampkins' former cellmate, who observed that on April 3, 2006, the defendant

correctional officers Jason Roberts, Jeremy Dye, and Webster Ambrose were assigned to assist in the relocation of Lampkins from a bottom bunk bed to a top bunk bed and Bruce to a different cell. Words were exchanged between Bruce, Lampkins and Officer Dye. The nature of this conversation is in dispute. Bruce describes the conversation as joking, while the officers considered the discussion to include Lampkins arguing with the order.

Lampkins asserts that as he continued to joke with Officer Dye, Officer Roberts told Lampkins to "shut the f--- up or go to seg." Lampkins responded by saying that Officer Roberts "can't talk to him like that and f--- you." Officer Roberts then told Lampkins to turn around and put his hands behind his back and Lampkins complied. After Officer Roberts placed the cuffs on Lampkins, he used his forearm to pin Lampkins against the wall and proceeded to strike him several times in the back of the head and to knee him in his thigh. Officer Roberts disputes Bruce's recollection, and testified that prior to the handcuffing, Lampkins stared at the officers in a threatening manner and while Roberts attempted to handcuff Lampkins, Lampkins passively resisted by tightening his arms. In response Roberts contends that he placed Lampkins against the wall with his forearm across Lampkins' shoulder blades. Roberts then escorted Lampkins out of the cellblock by placing his arms through the handcuffed arms of the inmate and behind his neck, forcing his head down for purposes of control.

Given the record, it is disputed whether the force Roberts applied to Lampkins was *de minimis* and done in a good faith effort to maintain discipline or maliciously or sadistically for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1,6 (1992), quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). As has been said many times, "summary judgment cannot be used to resolve swearing contests between litigants." *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003) (citing cases). Clearly, there are material facts in dispute upon which a reasonable trier of fact could find that Lampkins was subjected to excessive force. Based on Lampkins' version of events, the officers are not entitled to qualified immunity. Therefore, the officers' motion for summary judgment related to Lampkins' excessive force claim is **DENIED**.

### III. Denial of Medical Care

Lampkins claims that he was denied medical care on April 4, 2006, the day after the incident, when he awoke with a stiff neck and sore back. No mention of Officers Roberts, Dye, or Ambrose is made in connection with this allegation.

To be liable for a constitutional violation, an individual must have personally participated in the conduct or it must have occurred at his direction. Consequently, an individual cannot be held liable under § 1983 unless he caused or participated in the alleged constitutional deprivation. *Starzenski v. City of Elkart*, 87 F.3d 872, 879 (7th Cir. 1996). Because there are no allegations that any of the named defendants were even remotely involved in the alleged denial of medical care on the day following the incident, the defendants' motion for summary judgment on this claim is **granted**.

### IV. Tort Claims

The officers assert that Lampkins' claims of assault and battery must be dismissed because the Indiana Tort Claims Act prohibits a governmental employee from being sued personally for conduct taken within the scope of his employment.

The Indiana Tort Claims Act is clear that a plaintiff cannot pursue individual officers if the actions of the officers were in the course and scope of their employment. "A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Ind. Code § 34-13-3-5(b). In addition, "[a] governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from . . . [t]he adoption and enforcement of . . . a law". Ind. Code § 34-13-3-3(8). "Enforcement of a law" within the meaning of the ITCA includes "those activities in which a government entity or its employees compel or attempt to compel the obedience of another to laws, rules or regulations, or sanction or attempt to sanction a violation thereof." *Mullin v. Municipal City of South Bend*, 639 N.E.2d 278, 283 (Ind.1994). Even the commission of an intentional criminal act may be considered as being within the scope of employment if "the criminal acts originated in activities so closely associated with the employment relationship as to fall within its scope." *Kemezy v. Peters,* 622 N.E.2d 1296, 1298 (Ind. 1993) (quoting *Gomez v. Adams,* 462 N.E.2d 212 (Ind. Ct. App. 1984).

Lampkins' complaint asserts that the actions of the officers were all in the course of their duties of relocating inmates at the Delaware County Jail, which is certainly in the scope of their employment. These facts make clear that no state law claim can be pursued against the officers individually, which is how they are sued here. In addition, the plaintiff failed to serve a notice of tort claim required under Indiana law to sue the local government (or the officers in their official capacities). *See* Ind. Code § 34-13-3-8. Consequently, the defendants' motion to dismiss the plaintiff's state law claims of assault and battery is **granted**.[1]

**V. Summary**

In sum, the defendants' motion for summary judgment is **granted** as to the plaintiff's claim relating to the denial of medical care and tort law claims under state law, but is **denied** as to the claim of excessive force.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

So ordered.

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: 1/7/2008

Distribution:

---

[1] To the extent that the plaintiff intends to assert a negligence claim, summary judgment is **granted** in favor of the defendants on this claim, because the only allegations of negligence relate to "unknown medical personnel" who were previously dismissed from this action. (Dkt. 4.)

Ronald J. Semler
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Kelvin L. Lampkins
184070
Pendleton Correctional Facility
P.O. Box 30
Pendleton, IN 46064-0030